Argued and submitted October 14, 1985, petition dismissed as moot with respect to
Goal 5 issues, otherwise affirmed June 18, 1986

## SACKOS et al,
*Petitioners,*

*v.*

## LAND CONSERVATION AND
## DEVELOPMENT COMMISSION,
*Respondent.*

(84-CONT 172; CA A32935)

720 P2d 768

Richard E. Miller, Eugene, argued the cause for petitioners. With him on the briefs was Hershner, Hunter, Miller, Moulton & Andrews, Eugene.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Joseph, Chief Judge,* and Richardson and Van Hoomissen, Judges.

JOSEPH, C. J.

---

* Joseph, Chief Judge, *vice* Gillette, J., resigned.

## JOSEPH, C. J.

Petitioners seek review of a continuance order issued by LCDC in the acknowledgement proceedings on the Baker County comprehensive plan and land use regulations. Petitioners' principal arguments challenge the county's program and the procedures which it followed in developing its program to protect elk and other animal habitats, which are Goal 5 resources, from conflicting agricultural uses. Since the time when the continuance order was issued, these events have occurred:

1. The county repealed substantial portions of the program which LCDC had generally approved as providing suitable Goal 5 protections for the habitat.

2. Consequently, LCDC issued an enforcement order, pursuant to ORS 197.320, directing that distributions of state-shared revenues be withheld from the county.

3. The county sought review of the enforcement order in this court, but its petition was dismissed because it failed to file a brief. *Baker County v. LCDC* (CA A37171).

4. The county again amended its Goal 5 habitat program and resubmitted its plan and regulations for LCDC review. After further corrective actions were taken by LCDC and the county, LCDC issued an acknowledgement order on May 16, 1986.

In the light of those intervening events, the parts of the continuance order pertaining to the Goal 5 compliance of the county's former provisions are nugatory, and petitioners' Goal 5 contentions are moot.

Turning to the issues which petitioners raise that have not been superseded by events, we reject their contentions that the county failed to satisfy the public participation and related requirements of Goals 1 and 2 and that LCDC erred by approving certain county agricultural regulations as complying with Goal 3. Because the Goal 5 issues themselves are moot, we decline to decide petitioners' assignment that the county's former limitations on the use of land for the purpose of protecting elk constituted an unconstitutional taking.[1]

---

[1] We also do not decide whether that issue can be raised in this proceeding.

Petition dismissed as moot with respect to Goal 5 issues; otherwise affirmed.